United States District Court

Middle District of Florida

Tampa, Florida 33602


Case _____


Joshua Gonzalez
          Plaintiff(s)

v.

Hyatt Hotels Corp., et. al.
          Defendant(s)


Complaint [1]
24 January 2026


In the duty of Candor, the Plaintiff, Joshua Gonzalez, attempts to reduce the Financial turmoil Founded in the deeds of Fraud, Qui ignorare non debut quod Jus alienum emit, of which have substantially impacted the performance of the Defendant(s), — Hyatt Hotels Corporation, and the overall economics regarding the location '325 North Florida Avenue, Tampa, Florida 33602' in the United States of America. As a Supplement, the pecuniary penalties are expected of Stake, Cash equivalent to $873,886.24 (USD), leveraging new and existing values with Keen interest to stabilize the derivative actions imposed by principals of these proceedings.

Legacy (Table of Contents)

Page (1) of (7)

LEGAL USE ONLY
BY INMATE BKG#

25 - 2 9 0 1 8

Any other use will result
in disciplinary action

v. Hyatt Hotels Corp., et.al.                    Case _____

Caveat emptor, Qui ignorare non debuit quod Jus alienum emit.
 • Let the buyer beware (who ought Not to be ignorant what he buys From another). [28; 1913; John N. Cotterell]
Ex dolo malo non oritur actio.
 • An action does not arise From a Fraud. [80; 1913; John N. Cotterell]
Forum non conveniens.
 • Inconvenient Forum. [2012; Bouvier Law Dictionary]

[II] Anderson v. Dunn (1821), 6 Wheat. 204, 5 L.Ed. 242, 19 U.S. 204, 227.

[III] Associated Builders and Contractors inc v. San Francisco Air- Ports Commission (Cal. 1999), 1999 Daily Journal D.A.R. 83 97, 981 P.2d 499, 87 Cal. Rptr.2d 654, 659.

[IV] Debra Henry v. Ronald DeSantis (S.D. Fla. 2020), 20-CV-80 729-SINGHAL, 461 F.Supp.3d 1244, 1280.

[V] Defend the Bay v. City of Irvine (Cal. App. 2004), 15 Cal.Rptr. 3d 176, 119 Cal.App. 4th 1261, 1266.

[VI] G. Russell Chambers v. NASCO INC (1991), 115 L.Ed.2d 27, 111 S.Ct. 2123, 501 U.S. 32, 44-45, 47.

[VII] Gillian Berger v. National Collegiate Athletic Association (7th Cir. 2016), 843 F.3d 285, 291. Footnote '3'.

[VIII] Jeremy Selby v. Yacht Starship, inc (2008), 8:07-CV-1619-T-23MSS, 624 F.Supp.2d 1367, 1368.

[IX] Marie G. Fabre v. Ann Marin (Fla. 1993), 18 Fla. L. Week. S453, 623 So.2d 1182, 1187.

[X] Mechling v. John L. Hartzell (Pa. 1884), 4 Pennyp. 500.

Page (2) of (7)

LEGAL USE ONLY
BY INMATE BKG#

25 - 29018

Any other use will result
in disciplinary action

v. Hyatt Hotels Corp., et. al.                Case _____

[xi] Reynold's ADM'RS v. Gawthrop's HEIRS (W. Va. 1892), 37 W.Va. 3, 16 S.E. 364, 367.

[xii] Richard A. Lesser v. James D. Boughey (Haw. 1998), 88 Hawai'i 260, 965 P.2d 802, 804.

[xiii] Securities Exchange Commission v. Michael W. Berger, 322 F.3d 187, 195.

[xiv] Sunderland v. United States (8th Cir. 1927), 19 F.2d 202, 209.

[xv] United States v. Harriss (1954), 98 L.Ed. 989, 74 S.Ct. 808, 347 U.S. 612, 625.

[xvi] Zuhdija Napreljac v. John Q Hammons Hotels, inc., d/b/a Embassy Suites (S.D. Iowa 2006), 4:05-CV-00160-JEG, 4 61 F.Supp.2d 981, 1003.

[xvii] Attorney General Opinion Illinois Il Opinion S-006 [2005; Lisa Madigan]

[xviii] Article 26 Section 2 Universal Declaration For Human Rights

[xix] 28 United States Code 1358    Eminent Domain

[xx] 28 United States Code 1404    Change of Venue

[xxi] 31 Code Federal Regulation 904.1 Prompt Referral

Juris Diction

With respect to the lower Federal Court, District Court of the United S-tates, "we do not lightly assume that Congress has intended to deport Fr-

Page (3) of (7)

LEGAL USE ONLY
BY INMATE BKG#

25 - 29018

Any other use will result
in disciplinary action

v. Hyatt Hotels Corp., et. al.                    Case _____

[F-]am established principles such as the scope of a courts inherent power." [see. VI] However, these "inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ab- ility to fashion on appropiate sanction for conduct. which abuses the J- udicial process." [see. VI] "Exercising caution before euthanizing plaintiffs cau- ses of action has grown from an essential and strong policy of d- eciding cases on their merits against depriving individuals an opportunity to present evidence in court." [see. XVII] It is with this contention that "Co- urts of Justice are universally acknowledged to be vested, by their very c- reation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and, as a cor- ollary to preserve themselves and their officers from the app- roach and insults of pollution". [see. II]

On motion or on its own, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." [XX] The Forum Non Conveniens doctrine imposes "the discretionary power of a court to decline to exercise a possessed jurisdiction whenever it appears that the cause before it may be more appropiately tried elsewhere." [see. XII] "It is the supposition of fraud founded with respect to motive in the particular transaction" [see. X] of '325 North Florida Avenue, Tampa, F- lorida 33602' that calls upon the powers vested to the United States District Court for a claim amount shy of "$1,000,000" [see. XXI] at a sum total of $873,886.24 (USD). "The district courts shall have

Page (4) of (7)

LEGAL USE ONLY
BY INMATE BKG#

25 - 29018

Any other use will result
in disciplinary action

v. Hyatt Hotels Corp., et. al.                    case _____

[have] Original Jurisdiction of all proceedings to condemn real est-
ate for the use of the United States or its departments or agencies."
[see. XIX]


In an effort "to maintain the integrity of a basic governmental F-
process" [see. XV] as it appears to the plaintiff, Hyatt Hotels Corporation
(herein, after; "Hyatt Hotel") was involved with some form of a "Gold Brick
Scheme" [see. XIV] However, we must not judge "one tree" for the ent-
ire forest. [see. IX] There are many moving parts that contribute to the
overall success of the global economy. This is what complicates
the nature of this claim when addressing Hyatt Hotel as a
venture here today. It has been earlier determined that "Fraud is
hardly ever proven positively, and usually is shown by the out-
look, the circumstances, and environment of the transaction, and
the situation and relations of the parties, and must be tested
by our knowledge of human nature, and the motives and purposes
which move men in the ordinary transactions and affairs of life."
[see. XI] Fortunately, action cannot be commenced from a fraud. The
Court must maintain the hazardous potential founded in the "forest
for the trees", (e.g.) multifactor tests, as "the interests held in co-
mmon" [sec. III] are held "with the public at large". [see. III]


The commercial development of Hyatt Hotel in the guise of an economic
recovery from the "COVID-19" [see. IV] global epidemic and the
State of Floridas economic success, despite the pressures, may p-
rove its latent thoughts. Take for instance, located within the

Page (5) of (7)

LEGAL USE ONLY
BY INMATE BKG#

25 - 29018

Any other use will result
in disciplinary action

v. Hyatt Hotels Corp, et. al.                    Case _____

[the] "Tampa Bay"[see. VIII] Channelside area, the various shoppes, cruise lines, dock ports, Benchmark International Arena (formerly "Amalie Arena"), St. Leo University, University of South Florida, Florida Aquarium, Tampa Bay Riverwalk, and a variety of condominiums evoking an apt environment for Hyatt Hotel to be a supplement to the economy and not to contravene. It is apparent, Hyatt Hotel contravenes the stability of the overall economy. This is identified simply within the bounds of the consumer experience. The question for justice implies whether, "relating to economic conflicts of interests and other ethical matters"[see. XVII] these conditions are addressed on this subject matter or handled on its own sanctions?

Moreover, the Indian ethnic population has gradually increased here in the United States of America promoting an estimated 1.4% overall Indian-American population. Located in the State of Georgia is an Indian Embassy (5549 Glenridge Drive NE, Atlanta, Georgia 30305), whereas, a parallel placement in support of this existing location at Hyatt Hotel (325 North Florida Avenue, Tampa, Florida 33602) achieves the stability necessary for the human nature in the heart of Tampa, Florida. The plaintiff, Joshua Gonzalez, does not contend to make the United States "a base of for fraudulent schemes"[see. XIII] for the plaintiff intends to promote efficacy, diversity, distinction, and revoke an abomination. Subject to "promote understanding, tolerance, and friendship among all nations. For the maintenance of peace."[see. XVIII]

Ipse dixit, Hyatt Hotel subsidiary Dream Hotel Group is a pri-

Page (6) of (7)

LEGAL USE ONLY
BY INMATE BKG#

25 - 29018

Any other use will result
in disciplinary action

v. Hyatt Hotel Corp., et. al.                    Case _____

[Pri-]me benefactor for these claims. The very characteristics that reduce degradation as discovered by the City of Palm Springs in California with an abandoned multi-Hotel development project that "is Fatal"[see. v] to any practical investor relation.

For these matters.

I have read the foregoing Complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, as to those matters, I believe to be true. I certify under penalty of perjury that the foregoing is true and correct.

/ENS/ ~signature~

Joshua Gonzalez
2025-29018
520 North Falkenburg Road
Tampa, Florida 33619

Page (7) of (7)

LEGAL USE ONLY
BY INMATE BKG#

25 - 2 9 0 1 8

Any other use will result
in disciplinary action