UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOSHUA GONZALEZ,

     Plaintiff,

v.                                     Case No. 8:26-cv-284-JLB-AEP

HYATT HOTELS CORP.,

     Defendant.
_____/

## ORDER OF DISMISSAL

Before the Court is a complaint filed by Joshua Gonzalez, a Florida pre-trial detainee at the time he initiated this action (Doc. 1).   After screening the complaint under 28 U.S.C. § 1915(e)(2),[1] the Court has determined that it must be dismissed without prejudice for failure to state a claim on which relief may be granted.

The complaint is essentially incomprehensible.   In short, the nature of Gonzalez's claims is not readily determinable from a review of his complaint. When facing a situation like this, a court is not "required to comb through an incomprehensible pleading in order to cobble together a claim on Plaintiff's behalf."   *Gold v. Geo Gr., Inc.*, 2016 WL 7034404, at *4 (M.D. Fla. Dec. 2,

---

[1] The Court construes Gonzalez's failure to pay the filing fee as a request to proceed *in forma pauperis.*

2016).   Even in the case of *pro se* litigants, a court does not have a "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."   *GJR Invs. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Accordingly, it is **ORDERED**:

1. This action is **DISMISSED without prejudice**.   Because the dismissal is without prejudice, Gonzalez may pursue a new case by filing a proper complaint —**not using this case number**— and including the filing fee or motion to proceed *in forma pauperis*.

2. The Clerk is **DIRECTED** to terminate all motions as moot and close this case.

DONE and ORDERED in Tampa, Florida, on February 11, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

2